### George R. Sayles and Wife & others v. Abram Baker & others.

A "deed of gift" of real estate, in the sense of sect. 20, ch. 159, of the Revised Statutes, in relation to advancement, is a voluntary deed, as distinguished from a deed given for money or other valuable consideration; and a deed of such estate to a child or grandchild, expressed to be given in consideration of "love and affection," or, "love and good will," only, is made, by the section, conclusive evidence that the lands so conveyed were given by way of settlement or advancement.

Where a deed to a child or grandchild is expressed to be given in consideration of "one dollar and love and affection," the same is presumed to have been a voluntary deed, and to have been executed by way of advancement; and although, in such case, the court

may permit the real amount or value of the consideration to be proved, in order to ascertain the character of the deed, they will not hold the declarations of the testator, as to how he designed to prefer his sons over his daughters in the division of his estate between them, on account of the services of the former, to be evidence, that such a deed was a deed upon valuable consideration, and not by way of settlement or advancement.

BILL IN EQUITY, filed by the three living daughters of Abram Baker, late of Glocester, deceased, with whom their husbands were joined as plaintiffs, against his four sons, co-heirs with them of his estate, for partition of the same ; the bill charging, that the sons had been advanced by their father in his lifetime, by deeds of gift of land, to their full eighth part, each, of the real estate of which he died seised.

Abram Baker, the father, in the year 1850, died intestate, leaving four daughters, the female complainants, and Prudence Olney, since dead, intestate and without issue, and four sons, Amasa, Abram, Daniel, and Simon, as his heirs at law. During his lifetime, the intestate had, from time to time, beginning as early as 1829, conveyed to his four sons, various parcels of land, by deeds expressed to be for the consideration of "love and good will," or, "love and affection," except one, executed to his son Daniel, in 1841, which named the nominal consideration of one dollar in addition to the consideration of "love and affection." The answers of the sons took the ground, that these conveyances, though nominally made to them by their father "for love and affection," were really made to them in consideration of their services to him, by means of which he had acquired the very considerable real estate which he had either shared with them in his lifetime or left to be divided between them and their sisters at his death.

In relation to the deed to Daniel, which named a nominal pecuniary consideration in addition to the consideration of love and affection, proof of the real consideration was admitted at the hearing, though ruled out as to the deeds in which the consideration was expressed to be "love and affection" only ; but it consisted in declarations of the intestate as to his intention of giving a wood-lot to Daniel, and his land, in general, to his sons, for their services, and of his having already given to his daughters, upon their marriage, their portions of his estate. It

was in proof, however, that the daughters had received from their father only a little household stuff, at their marriage, and a cow each ; Dorcas swearing that her's was a very breachy one. It was also proved, that each of the sons presented against the estate of their father, which was represented to be insolvent, a claim for labor and services rendered to him in his lifetime ; that of Daniel commencing in 1815 ; that of Amasa, in 1818 ; that of Simon, in 1826 ; and that of Abram, in 1840.  A small allowance was made by the commissioners upon each of these claims, with the exception of that of Daniel, which was rejected altogether.  From the report of the commissioners, Simon alone appealed ; and his brothers having settled with the administrator upon the estate for their claims against it, he finally settled his, in substance, for the amount allowed by the commissioners, and an additional sum of $115.

*Thurston* and *Ripley*, for the complainants, relied upon the provisions upon the subject of advancement, found in sects. 18 and 20, ch. 159, of the Revised Statutes.

*B. N. Lapham*, with whom was *George H. Browne*, for the respondents, contended, that the deeds, exhibited as proofs of advancements to the sons, though purporting to be deeds of gift, were in reality made upon valuable consideration,—the services of the sons to their father, the grantor,—and that advancement was a question of intention.   *Quarles* v. *Quarles*, 4 Mass. 683 ; 16 Conn. 383 ; *Johnson* v. *Belden*, 20 Ib. 325 ; *Myers* v. *Myers*, 2 McCord's Ch. R. 268 ; *McCow* v. *Blewitt*, Ib. 102 ; *Murrel* v. *Murrel*, 2 Strobh. Eq. R. 148 ; *Phillips* v. *Phillips*, 16 Georgia, 19 ; 10 Serg. & Rawle, 329 ; 6 Whart. 470 ; Lawson's Appeal, 11 Harris, (Penn.) R. 85 ; 8 Alabama, 414 ; 4 Kent's Com. 443, (8th ed.)   They also contended, that parol evidence might be given to vary the consideration named in a deed.   17 Mass. 249, 257, 358 ; 8 Conn. 314 ; 4 Johns. 210 ; 20 Ib. 338 ; 16 Wend. 460 ; 1 Comst. 509.

BOSWORTH, J.   The question raised by the answers to this bill, is, whether the conveyances to the intestate's sons, Amasa Baker, Abram Baker, Daniel Baker, and Simon Baker, being, with one exception, expressed to be for the consideration of "love and good will," or "love and affection," and one convey-

ance to Daniel Baker, being for the same consideration, and the further consideration of one dollar, shall be deemed to be for advancements to the sons, in the division of the intestate's estate.

The provision made by statute in reference to advancements, is found in ch. 159, sects. 18 and 20 of the Revised Statutes. Section 18 enacts, " If any child or grandchild of the intestate shall have received from such intestate any real or personal estate for his advancement or settlement, the court of probate shall ascertain the amount thereof before appointing commissioners to divide such real estate, and shall, in their decree of division, direct said commissioners to deduct the amount thereof from the share of such child or grandchild." Section 20 enacts, " If real estate shall be conveyed by deed of gift, or if personal estate shall be delivered to a child or grandchild," with certain formalities therein named, " the same shall be deemed an advancement to such child, to the value of such real or personal estate."

The complainants rely upon the terms of the statute, sect. 20, making a deed of gift to be evidence of an advancement. It is plain, that if these deeds are truly deeds of gift, then the whole question is at once settled; for the statute is imperative, that in such case, the deed of gift shall be deemed to be an advancement. If the conveyances are not in a strict sense deeds of gift, still if the estates conveyed were received from the intestate for advancements or settlements, are they not also in such case to be deemed advancements ? The 20th section of the statute declares the kind of evidence which shall be sufficient to prove an advancement; without intending to exclude other and higher evidence than is therein designated. *Law* v. *Smith & others*, 2 R. I. Rep. 252. It is the apparent intent of the statute in the provision making a deed of gift evidence of an advancement, to substantiate this particular mode of making an advancement of real estate, without intending to exclude all other modes, or all other evidence of advancements. The English statute of distributions, 22d and 23d of Charles II., upon the principles of which our statute is based, was, in respect to advancements, grounded upon the custom of London

Sayles and Wife & others *v.* Baker & others.

relative to orphanage. The principle of the statute is founded upon the just idea, that advancements are the giving, by anticipation, the whole or part of what it is supposed a child will be entitled to on the death of the parent or party making the advancement; and it therefore provides an adjustment among the heirs, by way of set-off, in the distribution.

Independent of the statute, it would seem, that a conveyance of land from father to son, for the consideration of love and affection, would be presumed to be an advancement. In *Hatch & others* v. *Straight*, 3 Conn. R. 31, the supreme court of Connecticut decided, that a deed from a parent to a child, in consideration of love and affection, is presumed to be an advancement; and this, we think, in the absence of such a statute as ours, making a deed of gift evidence of an advancement. It is also decided in the case referred to, "that though this presumption may be repelled, yet where a father gave to his son a deed of land worth $2,000 in consideration of love and affection and $5, the latter consideration, being merely nominal, was not sufficient to repel the presumption; and that the declarations of a grantor, made after the delivery of the deed, explanatory of his intention in executing it, and of his views of its operation, are not admissible to repel the presumption of advancement." Upon principle, we do not see why a deed for the very consideration which is presumed to induce an advancement, should not be presumed to be for an advancement; and if a deed of gift, which in this sense is a deed without valuable consideration, is evidence of an advancement, why should not a deed for the consideration of love and affection, and a mere nominal consideration, furnish ground for the same presumption? We are inclined to think that the words of the statute are not to be limited to deeds expressed to be for love and affection merely, but that the deed of gift, there intended, is a deed without a valuable consideration, as distinguished from a deed for an equivalent consideration.

At the common law, a gift, or *donatio*, was properly referable to estates tail, and a feoffment, to estates in fee-simple; livery of seisin being essential to both. Under our statutes, either

39 *

form conveys possession without livery, or other ceremony. The term, " deed of gift," in this statute, must therefore have been used, we think, in a general, rather than a technical sense, as implying a voluntary conveyance, in distinction from a conveyance for a price or valuable consideration.

Upon this view of the statute, the deeds to the intestate's sons, Amasa, Abram, Simon, and Daniel, which are expressed to be given " for love and affection," or " love and good will," are deemed by us to be conclusive evidence that the lands thereby conveyed were designed to be by way of settlement or advancement; and the value of those lands conveyed must be ascertained and deducted from their respective shares, in the division of the intestate's estate. The deed to Daniel Baker, which is expressed to be for the consideration of " love and affection, and one dollar," was, on the authority of *Scott* v. *Scott*, 1 Mass. R. 527, allowed to stand open for proof as to the extent of its real consideration. But we find no evidence to satisfy us that there was other consideration than that which is expressed. The vague declarations of the intestate as to his intentions of giving his land to his sons for their services, and of his having given to his daughters their portions of his estate, are not evidence to show valuable considerations for those deeds. To give to those declarations the effect of evidence to such extent, would be, in effect, to make them the will of the intestate, and to do what he has not done, and what, if he had chosen to do, he might have done, and to dispose of his estate amongst his children without reference to the nature and effect of his conveyances to them, ascertained by the law under which they were made.